IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINIELBA COLES, as administrator of the Estate of KEITH ANTHONY JONES SR., Plaintiff, | ) | Civil Action No. 2:23-cv-1312 |
| | ) | HONORABLE W. SCOTT HARDY |
| v. | ) | |
| NICHOLAS P. PROBOLA, TERRANCE BROWNFIELD, BRYAN MORRIS, FRANK DURANTE, NICHOLAS MATTHEWS, and MATTHEW CERASUOLO, | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | Electronically Filed. |

AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, MINIELBA COLES, as administrator of the Estate of KEITH ANTHONY JONES SR., by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, PHIL DILUCENTE & ASSOCIATES, LLC, and KENNETH J. NOLAN, ESQUIRE, and hereby files this Amended Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff's Decedent under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's Decedent's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, Minielba Coles, is the daughter of Keith Anthony Jones, Sr. ("Decedent") and the duly appointed administrator of the Estate of Keith Anthony Jones, Sr. Minielba Coles is a resident of Allegheny County, Pennsylvania.

6. Defendant, Nicholas P. Probola ("Probola"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Probola was a law enforcement officer employed by the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

7. Defendant, Terrance Brownfield ("Brownfield"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Brownfield was a law enforcement officer employed by the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

8. Defendant, Bryan Morris ("Morris"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Morris was a law enforcement officer employed by

the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

9. Defendant, Frank Durante ("Durante"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Durante was a law enforcement officer employed by the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

10. Defendant, Nicholas Matthews ("Matthews"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Matthews was a law enforcement officer employed by the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

11. Defendant, Matthew Cerasuolo ("Cerasuolo"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Probola is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Cerasuolo was a law enforcement officer employed by the City of McKeesport, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of McKeesport.

## FACTUAL ALLEGATIONS

12. On or about April 23, 2023, Keith Anthony Jones, Sr. ("Decedent") was arrested by Defendants Probola, Brownfield and/or Morris and taken to the City of McKeesport Police Department, where they encountered Defendants Durante, Matthews and/or Cerasuolo.

13. At that time, Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo did not follow the proper policy and/or procedure of the McKeesport Police Department and failed to confiscate all items from the Decedent that could be used to self-harm and/or harm other individuals, including, but not limited to, the Decedent's shoelaces and/or shoes.

14. Plaintiff believes, and therefore avers, that the McKeesport Police Department maintains a policy and/or procedure of confiscating items that could be used to self-harm and/or harm others prior to detaining individuals in a holding cell.

15. Plaintiff has actual knowledge that law enforcement officers employed by the City of McKeesport confiscate items that could be used to self-harm and/or harm others prior to detaining individuals in a holding cell.

16. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo were aware of the aforementioned policy and/or procedure of the City of McKeesport Police Department and were deliberately indifferent to the risks of not adhering to that policy and/or procedure.

17. As a direct and proximate result of the deliberate indifference of Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo, Decedent was able to attempt suicide in his holding cell by using his shoelaces to hang himself.

18. Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo, as law enforcement officers acting within the scope of their employment, had a duty to keep Decedent safe while he was in their custody and under their control.

19. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo failed in this duty.

20. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo failed to confiscate items from the Decedent, per the proper policy and/or procedure, including, but not limited to, Decedent's shoelaces.

21. Plaintiff further believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo did not properly observe the Decedent while he was in their custody.

22. As a direct and proximate result of the negligence of D Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo, Decedent was able to attempt suicide in his holding cell by using his shoelaces to hang himself.

23. Decedent was discovered hanging in the cell with shoelaces wrapped around his neck, approximately two (2) hours after he was taken to the holding cell. At that time, Decedent was unresponsive.

24. Decedent was transferred to UPMC Presbyterian Hospital, where he was admitted for emergency medical treatment.

25. Decedent's physician at UPMC Presbyterian Hospital stated that the Decedent was without oxygen for approximately twenty-five (25) to thirty (30) minutes.

26. The holding cells located in the City of McKeesport Police Department are visible via surveillance footage. That surveillance footage is displayed at the front desk of the police department at all times.

27. Plaintiff believes, and therefore avers that it is a policy and/or procedure of the City of McKeesport Police Department to monitor individuals detained in holding cells via the aforementioned video surveillance.

28. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo were deliberately indifferent to that policy and/or procedure and failed to monitor the Decedent properly, which resulted in the Decedent being without oxygen for approximately twenty-five (25) to thirty (30) minutes, as described hereinbefore above.

29. On April 29, 2023, Decedent was pronounced dead at UPMC Presbyterian Hospital. The cause of death was ruled as a suicide by hanging.

30. Decedent's death was a direct and proximate result of the deliberate indifference of the named Defendants, as more fully described hereinbefore above.

31. Decedent's death was a direct and proximate result of the negligence of the named Defendants, as more fully described hereinbefore above.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33. Plaintiff, as administrator of the Estate of Keith Anthony Jones, Sr., claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of her constitutional rights under color of law.

34. As more fully described hereinbefore above, Defendants' failure to follow proper procedure and protocol resulted in the Decedent's suicide.

35. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo failed to confiscate items from the Decedent, per the policy and/or procedure, including, but not limited to, Decedent's shoelaces.

36. Plaintiff believes, and therefore avers that it is a policy and/or procedure of the City of McKeesport Police Department to monitor individuals detained in holding cells via video surveillance.

37. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo were deliberately indifferent to those policies and/or procedures, which resulted in the Decedent using his shoelaces to hang himself; the Decedent being without oxygen for approximately twenty-five (25) to thirty (30) minutes; and the Decedent's eventual death.

38. The actions of the individual Defendants were willful, wanton, and/or done with a reckless disregard for Decedent's rights, thereby subjecting the individual Defendants to punitive damages.

39. As a result of the illegal conduct of the Defendants, and each of them, Decedent experienced a violation of his rights, undue pain, suffering and death.

40. As a direct and proximate result of the acts described above, Plaintiff's Decedent suffered the following damages:

a. violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

b. conscious physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering;

e. economic damages related to any and all medical and/or other consequential costs;

f. wrongful death;

g. reasonable funeral and burial expenses;

h. loss of personal freedom and liberty;

i. economic damages including lost wages and lost earning capacity;

j. exemplary damages;

k. loss of love, society and companionship for the members of Keith Anthony Jones Sr.'s Estate;

l. loss of services, gifts and gratuities;

m. compensation for punitive damages against Defendants;

n. reasonable attorney's fees and costs;

o. denial of Decedent's civil rights; and

p. loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

DELIBERATE INDIFFERENCE

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as though fully set forth at length herein.

42. Plaintiff, as administrator of the Estate of Keith Anthony Jones, Sr., claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of her constitutional rights under color of law.

43. As more fully described hereinbefore above, Defendants' failure to follow proper procedure and protocol resulted in the Decedent's suicide.

44. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo failed to confiscate items from the Decedent, per the policy and/or procedure, including, but not limited to, Decedent's shoelaces.

45. Plaintiff believes, and therefore avers that it is a policy and/or procedure of the City of McKeesport Police Department to monitor individuals detained in holding cells via video surveillance.

46. Plaintiff believes, and therefore avers, that Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo were deliberately indifferent to those policies and/or procedures, which resulted in the Decedent using his shoelaces to hang himself; the Decedent being without oxygen for approximately twenty-five (25) to thirty (30) minutes; and the Decedent's eventual death.

47. The actions of the individual Defendants were willful, wanton, and/or done with a reckless disregard for Decedent's rights, thereby subjecting the individual Defendants to punitive damages.

48. As a result of the illegal conduct of the Defendants, and each of them, Decedent experienced a violation of his rights, undue pain, suffering and death.

49. As a direct and proximate result of the acts described above, Plaintiff's Decedent suffered the following damages:

a. violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

b. conscious physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering;

e. economic damages related to any and all medical and/or other consequential costs;

f. wrongful death;

g. reasonable funeral and burial expenses;

h. loss of personal freedom and liberty;

ii. economic damages including lost wages and lost earning capacity;

j. exemplary damages;

k. loss of love, society and companionship for the members of Keith Anthony Jones Sr.'s Estate;

l. loss of services, gifts and gratuities;

m. compensation for punitive damages against Defendants;

n. reasonable attorney's fees and costs;

o. denial of Decedent's civil rights; and

p. loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. ALL DEFENDANTS

<u>42 U.S.C. §1983 - SURVIVAL ACTION</u>

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiff, as a personal representative of the Estate of Keith Anthony Jones, Sr., brings this action on behalf of the Estate Keith Anthony Jones, Sr., under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa. Cons. Stat. § 3373 and 42 Pa. Cons. Stat. § 8302.

52. As a direct result of Defendants' aforesaid actions, Decedent was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment before his death.

53. Decedent filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania, this action survives and may be asserted by his Estate.

54. Plaintiff claims damages for the conscious pain and suffering, necessary medical expenses, financial losses and loss of enjoyment of life incurred by Decedent under 42 U.S.C. §1983 and the United States Constitution.

55. As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Keith Anthony Jones, Sr., claims damages for the wrongful death of Keith Anthony Jones, Sr., including, but not limited to:

a. violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

b. conscious physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering;

e. economic damages related to any and all medical and/or other consequential costs;

f. wrongful death;

g. reasonable funeral and burial expenses;

h. loss of personal freedom and liberty;

i. economic damages including lost wages and lost earning capacity;

j. exemplary damages;

k. loss of love, society and companionship for the members of Keith Anthony Jones Sr.'s Estate;

l. loss of services, gifts and gratuities;

m. compensation for punitive damages against Defendants;

n. reasonable attorney's fees and costs;

o. denial of Decedent's civil rights; and

p. loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF 42 Pa.C.S. § 8301

WRONGFUL DEATH

56. Plaintiff incorporates by reference Paragraphs 1 through 55 as though fully set forth at length herein.

57. Plaintiff claims damages for the injuries set forth herein under 42 Pa.C.S. § 8301 against the above-captioned Defendants.

58. Decedent's death was a direct and proximate result of the deliberate indifference of the named Defendants, as more fully described hereinbefore above.

59. The actions of the Defendants were willful, deliberate and were done with a reckless disregard for the rights of the Decedent, thereby subjecting Defendants to punitive damages.

60. As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Keith Anthony Jones, Sr., claims damages for the wrongful death of Keith Anthony Jones, Sr., including, but not limited to:

a. violation of Decedent's statutory rights under 42 Pa.C.S. § 8301;

b. conscious physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering;

e. economic damages related to any and all medical and/or other consequential costs;

f. wrongful death;

g. reasonable funeral and burial expenses;

h. loss of personal freedom and liberty;

i. economic damages including lost wages and lost earning capacity;

j. exemplary damages;

k. loss of love, society and companionship for the members of Keith Anthony Jones Sr.'s Estate;

l. loss of services, gifts and gratuities;

m. compensation for punitive damages against Defendants;

n. reasonable attorney's fees and costs;

o. denial of Decedent's civil rights; and

p. loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. ALL DEFENDANTS

GROSS NEGLIGENCE – WRONGFUL DEATH

61. Plaintiff incorporates by reference Paragraphs 1 through 60 as though fully set forth at length herein.

62. The acts of Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo as more fully described above, constitute gross negligence.

63. Decedent's death was a direct and proximate result of the negligence of the named Defendants, as more fully described hereinbefore above.

64. Plaintiff claims damages for the wrongful death of Decedent, loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the law of Pennsylvania and the Pennsylvania Wrongful Death Statute.

65. As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Keith Anthony Jones, Sr., claims damages for the wrongful death of Keith Anthony Jones, Sr., including, but not limited to:

a. violation of Decedent's rights under Pennsylvania Common Law;

b. conscious physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering;

e. economic damages related to any and all medical and/or other consequential costs;

f. wrongful death;

g. reasonable funeral and burial expenses;

h. loss of personal freedom and liberty;

i. economic damages including lost wages and lost earning capacity;

j. exemplary damages;

k. loss of love, society and companionship for the members of Keith Anthony Jones Sr.'s Estate;

l. loss of services, gifts and gratuities;

m. reasonable attorney's fees and costs;

n. denial of Decedent's civil rights; and

o. loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against Defendants Probola, Brownfield, Morris, Durante, Matthews and/or Cerasulo, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by

law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

PHIL DILUCENTE & ASSOCIATES, LLC

s/Kenneth J. Nolan, Esquire
Kenneth J. Nolan, Esquire
PA ID No. 32422
*Counsel for Plaintiff*

Phil Dilucente & Associates, LLC
310 Grant Street
Suite 1801, Grant Building
Pittsburgh, Pennsylvania 15219

Dated: January 24, 2024